UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR AMAYA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-0807 |
| | § | |
| LEE AND LEE, INC., *ET AL.*, | § | |
|     *Defendants*. | § | |

## ORDER DENYING MOTION TO SEAL

This collective action pursuant to the Fair Labor Standards Act (FLSA) is before the court on the parties' joint motion for leave to file their confidential settlement agreement under seal (Dkt. 7). The motion is denied.

The FLSA requires the court to review a settlement agreement to ensure it is "a fair and reasonable resolution of a bona fide dispute" as required by 29 U.S.C. § 216(c). *Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). In order to do so, the court must review the settlement agreement.

Defendant is concerned that by filing the confidential settlement agreement on the public docket, it will violate the terms of that agreement, and be subject to sanctions. Defendant cites *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952-53 (5th Cir. 2001). Defendant reliance on *Toon* is misplaced. In that case, the defendant acted in bad faith by intentionally and unilaterally filing a motion unsealed. Clearly, *Toon* does not support sanctions against counsel acting in accordance with a court order.

This is a court of record. All motions to seal must satisfy the standard for limiting public access to judicial records articulated in *SEC v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993). *See also, In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008). While the court recognizes that certain sensitive information (such as social security numbers and trade secrets) should be kept private, the parties have not articulated any reason for keeping the settlement agreement in this case private beyond the wishes of the parties. By that standard, all parties wishing to litigate in secret could do so.

If the parties desire court approval of their settlement agreement in this FLSA case, they must file an unsealed motion for approval accompanied by a copy of the settlement agreement. The parties may, for good cause shown, file a redacted version of the settlement agreement, but only if accompanied by a memorandum of authorities justifying each redaction. The unredacted version should be submitted under seal for the court's consideration. To the extent the court determines that any of the redactions are unjustified, it will order them restored to the public record, without further notice or hearing.

Signed at Houston, Texas on July 30, 2009.

                                                                                     _____
                                                                                     Stephen Wm Smith
                                                                                     United States Magistrate Judge