# FILE UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Hector Amaya | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:09-CV-00807 |
| vs. | § | |
| | § | |
| Lee and Lee, Inc. et al. | § | |
| | § | |
| | § | |
| Defendants, | § | |

### RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is being entered into by **Hector Amaya** ("Plaintiff") and **Lee and Lee, Inc. et al.** ("Defendant") in order to further the mutually desired terms and conditions set forth herein:

1. For and in consideration for Plaintiff's execution of this Agreement, Defendants will pay Plaintiff and his attorneys a total of Eight thousand – Five Hundred and No/100 Dollars ($8,500.00) in a single lump payment ("Settlement Payment"), payable in one check to Plaintiff and his legal counsel, Kennedy Hodges, L.L.P.. Defendants will issue and file the appropriate 1099s on the Settlement Payment and Plaintiff shall be responsible for the payment of applicable taxes, if any, on such payment and will hold harmless and indemnify Defendants for any tax obligations and penalties. Defendants will send the Settlement Payment to the following address: 3701 Kirby Dr. Suite 400 Houston, TX 77098. This Settlement Payment represents the exclusive amount to be paid to Plaintiff by Defendants, in connection with or arising out of his employment with Defendants and/or his termination of employment with Defendants, and no further amounts shall be required for any items, including, but not limited to, attorneys' fees.

2. Plaintiff, on behalf of himself, his heirs, beneficiaries and personal representatives, hereby releases, acquits and forever discharges Defendants, all persons, firms, partnerships, limited liability companies, corporations or other organizations in control of, under the direction of, or in any way presently or formerly associated with Defendants, and any of its or their owners, officers, predecessors, employees, former employees, shareholders, directors, partners, attorneys, agents and assigns (collectively, "Defendants' Affiliates"), of and from all claims, charges, complaints, liabilities, obligations, promises, agreements, contracts, damages, actions, causes of action, suits, accrued benefits or other liabilities of any kind or character, whether known or hereafter

*Release and Settlement Agreement, p. 1*                                    ⊇∠
                                                                        ‾‾‾‾‾‾‾
                                                                        Defendants

                                                                        ‾‾‾‾‾‾‾
                                                                        Plaintiff

discovered, arising from or in any way connected with or related to Plaintiff's employment with Defendants and/or Plaintiff's termination of employment with Defendants, including, but not limited to, allegations of unpaid overtime pay, liquidated damages, wrongful termination, discrimination, retaliation, breach of contract, promissory estoppel, retaliatory discharge, constructive discharge, discharge in violation of any law, statute, regulation or ordinance providing whistleblower protection, discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, harassment, sexual harassment, invasion of privacy, any action in tort or contract, any violation of any federal, state, or local law, including, but not limited to, any violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Equal Pay Act, 29 U.S.C. § 206, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Sarbanes-Oxley Act, 18 U.S.C. § 1514A *et seq.*, the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*, the Texas Workers' Compensation Act, TEX. LAB. CODE §§ 451.001 - 451.003, the Texas Payday Act, TEX. LAB. CODE § 61.011, *et seq.*, or any other employment or civil rights act, and any and all claims for severance pay or benefits under any compensation or employee benefit plan, program, policy, contract, agreement or other arrangement of Defendants or Defendants' Affiliates, but excluding any claim for unemployment compensation, any claim for workers' compensation benefits, and any benefits which Plaintiff is entitled to receive under any Defendant's plan that is a qualified plan under IRC § 401(a).

3. The parties agree that Plaintiff will be obligated to pay any taxes or other payments related to the Settlement Payment which might be required, and any Defendants' Affiliate will have no obligation to pay any additional sum or sums to Plaintiff or to anyone else by reason thereof, except as stated in Paragraph 1 above.

4. Plaintiff acknowledges he and Defendants have a dispute about whether or not he is exempt from overtime under the Fair Labor Standards Act, and about the hours of overtime worked, and that his acceptance of the compensation in Paragraph 1 means that he has given up any right he may have to bring or continue suit for such back wages, liquidated damages, or attorneys' fees under Section 16(b) of that Act.

5. There is now pending litigation between Defendants and Plaintiff styled: Civil Action No. 4:09-CV-00807; *Hector Amaya v Lee and Lee, Inc. et al.*; In the United States District Court for the Southern District of Texas, Houston Division (the "Litigation"). In partial consideration for the Settlement Payment described above, Plaintiff agrees to execute a Stipulation of Dismissal with Prejudice of all claims and causes of action against Defendants, such Stipulation to be in the form which is attached hereto as Exhibit A and incorporated herein by reference. Plaintiff further agrees to instruct his attorney of record to execute an Agreed, Final, Take Nothing Judgment in the form attached as Exhibit B hereto and incorporated by reference. Plaintiff agrees that the Litigation and all claims alleged therein shall be dismissed with prejudice and with each party to pay its

*Release and Settlement Agreement, p. 2*

Defendants

Plaintiff

own attorneys' fees and costs, and that upon payment of the settlement amount described above, counsel for Plaintiffs will file the stipulation of Dismissal With Prejudice and Agreed, Final, Take nothing Judgment executed by counsel for Plaintiff in the Court in which such Litigation is pending.

6. Plaintiff agrees not to commence any legal proceeding or lawsuit against Defendants or any Defendants' Affiliate arising out of or based upon Plaintiff's employment with Defendants or the termination of Plaintiff's employment with Defendants.

7. The consideration cited above and the promises contained herein are made for the purpose of purchasing the peace of Defendants and are not to be construed as an admission of liability or as evidence of unlawful conduct by Defendants, all liability being expressly denied.

8. Plaintiff voluntarily accepts the consideration cited herein, as sufficient payment for the full, final and complete release stated herein, and agrees that no other promises or representations have been made to Plaintiff by Defendants or any other person purporting to act on behalf of Defendants, except as expressly stated herein.

9. Plaintiff understands that this is a full, complete, and final release of Defendants and all of Defendants' Affiliates. As evidenced by the signature below, Plaintiff expressly promises and represents to Defendants that he has completely read this Agreement and understands its terms, contents, conditions, and effects.

10. Plaintiff is advised to consult with an attorney prior to executing this Agreement. Plaintiff understands that he has the right to consult an attorney of his choice and has consulted with an attorney or has knowingly and voluntarily decided not to do so.

11. Plaintiff states that he is not presently affected by any disability which would prevent him from knowingly and voluntarily granting this release and further states that the promises made herein are not made under duress, coercion or undue influence.

12. This Agreement will supersede any and all obligations Defendants or any Defendants' Affiliate might otherwise owe to Plaintiff for any act or omission whatsoever that took place, or should have taken place, on or before the date this Agreement is signed and executed by Plaintiff. This Agreement constitutes the entire understanding and agreement between the parties and it may only be modified or amended in a signed writing by both parties hereto.

13. Should any future dispute arise with respect to this Agreement, both parties agree that it should be resolved solely in accordance with the terms and provisions of this Agreement and the laws of the State of Texas. The parties agree that venue is only proper in a state or federal court located in Harris County, Texas, and consent to the exclusive jurisdiction of any such court.

14. Plaintiff hereby waives all rights to recall, reinstatement, employment, reemployment, and past or future wages from Defendants or any Defendants' Affiliate. Plaintiff further agrees not to apply for employment with Defendants or any Defendants' Affiliate.

*Release and Settlement Agreement, p. 3*

510:43:28/18   303:2135153
F:\C\Documents and Settings\lchavez\Local Settings\Temporary Internet Files\OLKCA\Insys_ Release and Settlement Agreement.DOC

_____  Defendants
_____  Plaintiff

15. Defendants agree and stipulate that no information or documentation regarding this law suit or the fact that Plaintiff sued Defendants will be placed in Plaintiff's employee file. Defendants further agree and stipulate that in the event a potential employer contacts it regarding Plaintiff's employment performance, the only comments disbursed shall be to verify dates of employment, position and pay.

16. Plaintiff expressly represents and warrants to Defendants that he has completely read this Agreement prior to executing it, has had an opportunity to review it with his counsel and to understand its terms, contents, conditions and effects, and has entered into this Agreement knowingly and voluntarily.

17. Plaintiff agrees that the terms and conditions of this Agreement and the claims made by Plaintiff in the Litigation, including without limitation the amount of money and other consideration, shall be treated as confidential, and shall not be revealed to any other person or entity whatsoever, except as follows:

   a. to the extent as may be compelled by legal process; or

   b. to the extent necessary to Plaintiff's legal or financial advisors.

Plaintiff agrees that the confidentiality provisions of this Agreement are a material part of it and are contractual in nature.

_Hector S Amaya_
**Hector Amaya**
Date: 4/23/2009
**Defendant**
By: _Zeing S Lee_
Name: Zeing S Lee
Title: President
Date: 4-26-09

Release and Settlement Agreement, p. 4

1519.43:28/18  40:2145154
F:\C:\Documents and Settings\lchavez\Local Settings\Temporary Internet Files\OLKCA\Amaya_ Release and Settlement Agreement.DOC

Defendants
Plaintiff